# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:15-CR-244-MOC-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL KIPP AND JOANNE VIARD, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the "Motion to Quash Subpoena on Third Party Swisher Hygiene Inc." (document # 47) filed September 14, 2016 and "Defendants' Memorandum in Opposition to Swisher Hygiene Inc.'s Motion to Quash" (document #55) filed October 3, 2016. The Government also filed a "Motion to Quash" (document #52) on September 26, 2016 and Defendants filed their "Defendants' Memorandum in Opposition to the Government's Motion to Quash" (document #58) on October 3, 2016.

These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Having fully considered the arguments, the record, and the applicable authority, the Court finds that Swisher Hygiene, Inc.'s ("Swisher") Motion to Quash should be **GRANTED** and that the Government's Motion to Quash is **MOOT**, as discussed below.

Rule 17 of the Federal Rules of Criminal Procedure governs subpoenas in criminal cases. Rule 17(c)(1) states, "A subpoena may order the witness to produce any books, papers, documents,

data or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence."

The Supreme Court has emphasized that "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951). In United States v. Nixon, 418 U.S. 638 (1974), the Supreme Court adopted a test that

> in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

418 U.S. at 699-700.

It is well established that Rule 17(c) "is not intended to provide a means of pretrial discovery; rather, its primary purpose is simply 'to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials.'" United States v. Rand, No. 15-4322, 2016 WL 4487990, at *6 (4th Cir. August 26, 2016) (emphasis in original)(quoting United States v. Richardson, 607 F.3d 357, 368 (4th Cir. 2010)).

Defendants have cast a wide net in what appears to be a quest for pretrial discovery outside of the Rule 16 framework.

Defendants argue that it would not be unduly burdensome for Swisher to comply since it has already produced millions of documents to the Government. The Government ordinarily provides open file discovery in this District, and has a continuing obligation to disclose exculpatory evidence.

NOW THEREFORE, IT IS ORDERED:

1. Movant Swisher Hygiene Inc.'s "Motion to Quash Subpoena on Third Party Swisher Hygiene Inc." (document # 47), is **GRANTED**.

2. The Government's "Motion to Quash" (document #52) is **MOOT**.

3. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: October 6, 2016

David S. Cayer
United States Magistrate Judge