# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:15-CR-244-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL KIPP AND JOANNE VIARD, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Government's "Motion to Quash and Motion to Compel and Memorandum in Support Thereof" (document # 64) filed November 1, 2016 and Defendants' "Memorandum in Opposition to Government's Motion to Quash and Motion to Compel" (document #70) filed November 14, 2016. On November 22, 2016, the Government filed a "Motion for Leave to File Reply to Defendants' Opposition to Motion to Quash and Compel" (document #79) which the Court granted on November 28, 2016 by text Order.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Having fully considered the arguments, the record, and the applicable authority, the Court finds that the subpoenas issued to Cherry Bekaert LLP, Holland & Knight LLP, Moore & Van Allen LLP, William D. Pruitt, Scharf Pera & Co., PLLC, and Wells Fargo Bank, N.A. have all been withdrawn, and therefore the Government's Motion to Quash those subpoenas is **MOOT**. With regard to the outstanding subpoenas to Hugh Crawford, Chris McFarland and William Saffo, the Court will **GRANT** the Government's Motion to Quash. With regard to the Government's

Motion to Compel Defendants to provide the Government with copies of all other Rule 17(c) subpoenas they have issued, the Court will **DENY** the Government's Motion.

Rule 17 of the Federal Rules of Criminal Procedure governs subpoenas in criminal cases. Rule 17(c)(1) states, "A subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence."

The Supreme Court has emphasized that "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951). In United States v. Nixon, 418 U.S. 638 (1974), the Supreme Court adopted a test that

> in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

418 U.S. at 699-700.

It is well established that Rule 17(c) "is not intended to provide a means of pretrial discovery; rather, its primary purpose is simply 'to expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials.'" United States v. Rand, No. 15-4322, 2016 WL 4487990, at *6 (4th Cir. August 26, 2016) (emphasis in original)(quoting United States v. Richardson, 607 F.3d 357, 368 (4th Cir. 2010)); see also, Nixon, 418 U.S. at 698-699.

In its Motion, the Government asks the Court to quash the pre-trial subpoenas served on third parties because (1) the subpoenas duces tecum at issue fail to meet the three prongs of the Nixon test, and (2) Defendants are using the subpoenas as a tool for investigation or discovery without this Court's authorization. See Doc. 64 at 3-11. The Government also argues that the

Court should compel Defendants to provide it with copies of all other Rule 17(c) subpoenas they have issued so the Court can fulfill its "independent obligation to assess each subpoena for compliance with the Nixon factors," United States v. Dominick, No. 15-289, 2016 WL 1408558, at *6 (E.D. La. April 11, 2016), and ensure that "the subpoena is good in its entirety," Bowman Dairy Co., 314 U.S. at 222.

Defendants contend that the Government's argument that the subpoenas should be quashed because they "failed to file a motion seeking judicial pre-authorization" has no basis in Rule 17's text. See Doc. 64 at 7. Defendants also argue that Rule 17(c)(1) does not require a "pre-issuance" motion for a Rule 17(c)(1) subpoena.

With regard to the three outstanding subpoenas, it is apparent based upon the broad language contained therein that they fail to meet the standard as set forth in United States v. Nixon. As stated above, a pre-trial subpoena duces tecum must meet standards of (1) relevancy, (2) admissibility, and (3) specificity under the Nixon test. Nixon, 418 U.S. at 700. Here, Defendants' subpoenas fail to satisfy the "specificity" prong of the Nixon test.

The subpoena issued to Hugh Crawford, Doc. 64-2, is nine pages in length and requests that he produce eight broad categories of documents, such as "All documents and communications concerning any alleged accounting or financial errors or wrongdoing involving Swisher, Kipp, Viard, or any other employee or affiliate of Swisher." Doc. 64-2 at 7.

The subpoena issued to Chris McFarland, Doc. 64-4, is five pages in length and requests that he produce two broad categories of documents including "All instant messages You sent or received using Google Talk, Gchat or any other instant messaging platform, as well as any emails you sent or received on personal email accounts (including but not limited to christophermcfarland@gmail.com), relating to: (a) Swisher company matters, (b) alleged

accounting or financial wrongdoing at Swisher, (c) the Swisher Internal Investigation, (d) the work of BDO, CBH, and/or H&K at Swisher, or (e) either of the Defendants." Doc. 64-4 at 4.

The subpoena issued to William Saffo, Doc. 64-7, is six pages in length and requests that he produce two broad categories of documents including "All documents and communications concerning either of the Defendants, Michael Kipp, Joanne Viard, or John Pierrard." Doc. 64-7 at 6.

These subpoenas cast a wide net in what appears to be a quest for pretrial discovery outside of the Rule 16 framework. This practice has been met with disfavor by the Fourth Circuit. "[A] Rule 17 subpoena duces tecum cannot substitute for the limited discovery otherwise permitted in criminal cases … his requested Rule 17(c) subpoenas cast a wide net that betokens a general fishing expedition." See e.g., United States v. Caro, 597 F.3d 608, 620 (4th Cir. 2010) (internal citations and quotations omitted); United States v. Ging-Hwang Tsoa, No. 1:13cr137, 2013 WL 5837631, at *2 (E.D. Va. October 29, 2013)("The Fourth Circuit has repeatedly stressed that Rule 17(c) is not a general discovery device, and to that end, the party requesting the information must identify with specificity what is sought.")(internal citations omitted); United States v. Wai Lun Ng, No. 5:07CR24-V, 2007 WL 3046215 at *3(W.D.N.C. Oct. 16, 2007)(quashing Rule 17(c) subpoenas and noting that "courts have found that 17(c)subpoena requests for 'any and all' documents are too broad to meet the test outlined in Nixon.").

Given the sweeping requests contained in these subpoenas, the Court finds that they fail to comply with the standard for Rule 17(c) subpoenas as set forth in United States v. Nixon. Defendants have not demonstrated the evidentiary value of the documents sought, any attempts to procure them through other methods, that the trial will be unreasonably delayed if they are not provided, or that the request is more than a fishing expedition. Nixon, 418 U.S. at 699.

Accordingly, the Court will GRANT the Government's Motion to Quash with regard to the outstanding subpoenas to Hugh Crawford, Chris McFarland and William Saffo.

With regard to the Government's Motion to Compel Defendants to provide copies of all other Rule 17(c) subpoenas they have issued, the Court will **DENY** the Motion.

NOW THEREFORE, IT IS ORDERED:

1. The Government's "Motion to Quash" (document #64) with regard to the subpoenas issued to Cherry Bekaert LLP, Holland & Knight LLP, Moore & Van Allen LLP, William D. Pruitt, Scharf Pera & Co., PLLC, and Wells Fargo Bank, N.A. is **MOOT**.

2. The Government's "Motion to Quash" (document #64) with regard to the outstanding subpoenas to Hugh Crawford, Chris McFarland and William Saffo is **GRANTED**.

3. The Government's "Motion to Compel" (document #64) with regard to Defendants' other Rule 17(c) subpoenas is **DENIED**.

4. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: December 9, 2016

David S. Cayer
United States Magistrate Judge