UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00244-MOC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL KIPP | ) | |
| JOANNE VIARD, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendant Kipp's Second Motion to Dismiss Count Five (#104) and defendant Viard's Second Motion to Dismiss Count Six (#100). Federal Rule of Criminal Procedure 12.2 notes that a Motion that the court lacks jurisdiction may be made at any time while the case is pending. As such, these Motions are timely filed. The Motions have been fully briefed and are ripe for review.

As occurred previously (#35, #36), defendants have filed nearly identical Motions to Dismiss and corresponding briefs. Indeed, defendant Kipp's Motion (#104) formally adopted and incorporated the arguments set forth in Ms. Viard's Motion. The court denied defendants' earlier Motions to Dismiss in prior Orders (#37, #38). The court reiterates that while it welcomes vigorous advocacy, it is concerned as to arguments that could invite error. Having considered the pending Motions and reviewed the pleadings, the court enters the following Order.

# FINDINGS AND CONCLUSIONS

I.        **Motions to Dismiss, Generally**

In considering a Motion to Dismiss a count of an indictment, Rule 7(c)(1), Federal Rules of Criminal Procedure, provides, that an indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). It is defendant's burden to show that "the allegations therein, even if true, would not state an offense." United States v. Thomas, 367 F.3d 194, 187 (4th Cir. 2004). An indictment is sufficient if it "'contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet.'' United States v. Hooker, 841 F.2d 1225, 1227 (4th Cir. 1988) (quoting Russell v. United States, 369 U.S. 749 (1962)).

The Fourth Circuit's test for sufficiency is whether the indictment sets forth the essential elements of the offense and sufficiently apprises the appellant of the charge so that the appellant may be able to prepare a defense and may be able to plead a former conviction or acquittal in the event of a subsequent charge for a similar offense. United States v. Izuogu, No. 90-5778, 1991 WL 21653, at *3 (4th Cir. June 3, 1991). Important here, sufficiency of the evidence is not to be conflated with sufficiency of the indictment. United States v. Ring, 628 F. Supp. 2d 195, 223 (D.D.C. 2009). On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. For the most part, this does not involve any examination of the evidence. United States v. Todd, 446 F.3d 1062, 1068 (10th Cir. 2006) (internal citations omitted).

**II.     Discussion**

In this case, the defendants challenge the jurisdiction of the court over their separate counts of Obstruction of Justice. In large part, they rely on United States v. Fowler, 536 U.S. 668 (2014), and its progeny for support. The court has addressed many of the defendants' prior arguments regarding Fowler in its prior Orders (#37, #38), which are incorporated herein. As the court noted in its prior Order (#37), it "will be glad to hear" arguments about the purported "reasonable likelihood" standard for establishing a federal nexus under Fowler "at the conclusion of the government's evidence under Rule 29, but it has nothing to do with the sufficiency of the charge." Id. at 2.

As the court previously noted, the Fourth Circuit has clearly held that, even at trial, the United States need not prove an investigation was pending at the time of the obstructive conduct: "we join our sister circuits in recognizing that the government need not prove that a federal investigation was in progress at the time the defendant committed" the obstructive conduct. United States v. Ramos-Cruz, 667 F.3d 487, 498 (4th Cir. 2012) (emphasis added). The sufficiency of evidence *at trial* is not the same standard for sufficiency *in an indictment*, particularly to create jurisdiction over a defendant. Indeed, the statute itself provides, as follows: "[f]or purposes of this section – (1) an official proceeding need not be pending or about to be instituted at the time of the offense…" 18 U.S.C. § 1812(f). It follows that something that the government is not required to prove at trial need not be alleged in an indictment.

The defendant relies on a recently-decided case from the Northern District of California, United States v. Ortiz, No. 15-cr-594, 2016 WL 4239370 (N.D.Cal. Aug. 11, 2016). While a California District Court's decision does not bind this Court, such findings can be considered

persuasive. The Ortiz court discussed the Fowler standard and applied it to a different obstruction of justice offense as the one under consideration here, as follows:

> The Supreme Court's holding stemmed from its interpretation of section 1512(a)(1)(C)'s text. *See Fowler*, 563 U.S. at 672 ("The question here is how [the statute's] language applies when a defendant (1) kills a victim, (2) with an intent (a) to prevent a communication (b) about the commission or possible commission of a federal offense but (c) *to law enforcement officers in general*...."). Thus, the government is correct in one respect—the Supreme Court did not create a new element of the federal obstruction statute. *United States v. Hamilton*, No. 1:15-CR-0240-TCB, 2016 WL 1696136, at *4 (N.D. Ga. Apr. 28, 2016) ("*Fowler* did not introduce any new elements for a conviction under § 1512. Instead, the Supreme Court merely interpreted the already-present element of intent...."). *But see Fowler*, 563 U.S. at 685 (Alito, J., dissenting) ("[T]he Court has effectively amended the statute by adding a new element.").
>
> Nevertheless, the reasonable likelihood that there would be communication to federal law enforcement is an essential fact that must be in an indictment. First, such information is critical to establish federal jurisdiction. *See id.* at 677 ("[B]ecause of the frequent overlap between state and federal crimes, the use of a standard based on the word 'possible' would transform a federally oriented statute into a statute that would deal with crimes, investigations, and witness tampering, that as a practical matter, are purely state in nature."). Second, as pleaded, the indictment does not guarantee the grand jury considered whether there was a reasonable likelihood of communication with federal law enforcement in the absence of such an averment in the indictment.
>
> Moreover, Counts 4 and 5 are constitutionally infirm for two additional reasons. They do not identify the federal law enforcement officer(s), judge(s), or even agency of law enforcement the communications might have reached. Nor do they specify which federal offense(s) or possible federal offense(s) communication would have been about. Absent that information, the Ortizes cannot assess whether communication to those officers was reasonably likely or mount a defense.

Ortiz, 2016 WL 4239370, at *8.  Ortiz is readily distinguishable. The Ortiz defendant was charged with a violation of 18 U.S.C. §§ 1512(a)(1)(C) and 1512(k), which is the obstruction of an official

proceeding. Id.[1] The defendants here are charged with violation of 18 U.S.C. § 1512(b)(3), which is obstruction of justice by "Misleading Conduct." See Indictment (#1) at 20-21. Accordingly, no official proceeding needs to be pled or proven.

Even if the court were to adopt the rule of Ortiz, the Indictment would be sufficient. The Ortiz court had no guarantee that the Grand Jury considered the reasonable likelihood that the information would be communicated to federal officials. Such communication is directly pled in Counts Five and Six of the Indictment here. In relevant part, the Indictment alleges that the defendants each "knowingly and corruptly engaged in misleading conduct toward another person with the intent to hinder, delay, and prevent the communication of information to federal law enforcement officers, to wit, the FBI Office in Charlotte, North Carolina, the United States Attorney's Office for the Western District of North Carolina, and the United States District Court in the Western District of North Carolina, which was presiding over the then pending Securities Fraud Class Action Lawsuit against Swisher, its CEO, and KIPP, relating to the possible commission of a federal offense." Indictment (#1) at 20-21.

Even if the court were to apply Ortiz to the instant case, the Indictment would be sufficient to withstand the challenge made in the pending Motions. The Ortiz court found the charge "constitutionally infirm" because the Indictment there did "not identify the federal law enforcement officer(s), judge(s), or even agency of law enforcement the communications might have reached" nor "which federal offense(s) or possible federal offense(s) communication would have been about." Ortiz, 2016 WL 4239370, at *8. Such is simply not the case here. In the instant

---

[1] The court notes that the defendants' Motions cite to Fowler for the factual allegations required to be proved in the instant Indictment. #101 at 2. Like in Ortiz, the Fowler defendant was charged with a violation of 18 U.S.C. § 1512(a)(1)(C).

case, the Indictment was clear about the federal officials involved as well as the activities related to the securities fraud lawsuit.

### III. Conclusion

Defendants allege that the Indictment is insufficient to provide the court with jurisdiction over Counts Five and Six, charges of obstruction of justice by misleading conduct. Defendants have made these Motions, in part, to preserve their rights on appeal, see #101 at 3; however, the court has given them full consideration to provide the appellate courts with a complete record and in so doing incorporates its prior Orders in this case (#37, #38). The court will deny both Motions, but would glad to rehear these arguments related to Fowler and its progeny at the conclusion of the government's evidence under Rule 29 if this matter is actually tried.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant Kipp's Second Motion to Dismiss Count Five (#104) and defendant Viard's Second Motion to Dismiss Count Six (#100) are each **DENIED.**

Signed: December 30, 2016



Max O. Cogburn Jr
United States District Judge