UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00244-MOC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MICHAEL KIPP AND | ) | |
| JOANNE VIARD, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of non-dispositive Orders issued by Honorable David S. Cayer, United States Magistrate Judge, in this matter. Defendants have filed Objections (#s 134 and 135) to such Order and the government has filed timely Responses (#s139 and 140).

**FINDINGS AND CONCLUSIONS**

**I.   Applicable Standard**

The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Fed.R.Crim.P. 59(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place

Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y.2002).

The court has carefully reviewed the Orders as well as the objection, and has determined that the Orders of the magistrate judge are fully consistent with and supported by current law. Based on such determination, the court will overrule the Objections and fully affirm the Order for the reasons discussed in the government's Responses, and for the reasons briefly discussed herein.

## II. Discussion

### A. Order denying joint Motion to Compel

As to Judge Cayer's Order (#122) denying defendants' joint Motion to Compel (#s 98 and 99), defendants sought documents and information detailing negotiations the government had with Swisher concerning the Deferred Prosecution Agreement (hereinafter "DPA"), the related Bill of Information, any facts in the pending Indictment, any proffers made by Swisher, and any agent's rough notes. Judge Cayer denied such request.

First noting the correct standard of materiality under Rule 16, Fed.R.Crim.P., and correctly identifying defendants' burden on such motion, Judge Cayer's concluded that defendants' "assertion that 'Swisher may not have always been in agreement with the Government' does not suffice" (Order (#122) at 4) and did not satisfy defendants' burden under Rule 16. Such determination is not clearly erroneous.

Judge Cayer also properly concluded that this court's Standing Discovery Order provides that the government need not retain agents' rough notes where those notes are incorporated into a formal report. Further, Judge Cayer accurately recognized that the

government stated that it has and will continue to provide defendants with all materials falling within Brady and Giglio, and properly concluded that mere speculation that more material might exist does not satisfy the defendant's burden in moving to compel. More particularly, Judge Cayer correctly found that communications between the government and Swisher, years after the criminal conduct alleged herein occurred, were not discoverable as defendants had not met their burden of showing how such materials would be material to preparing a defense. United States v. Caro, 597 F.3d 608, 621-22 (4th Cir. 2010).

Finally, defendants' reliance on United States v. Stein, 488 F.Supp.2d 350 (S.D.N.Y. 2007) is misplaced. First, Stein, as a district court decision from another circuit, is not controlling. Second, the situation in Stein is dissimilar to this case inasmuch as the party with the DPA there did not, as has Swisher in this case, cooperated in the government's investigation. Indeed, it is alleged herein that Swisher sponsored an internal investigation upon learning of the alleged accounting fraud by these defendants and took steps to inform the investing public of what it determined was likely fraud. Thus, Judge Cayer was under no obligation to follow the decision in Stein. Third, the court can find no support for defendants' argument that it was error for the magistrate judge not to engage in an inquiry as to whether the documents sought were in the government's control. Clearly, defendants' inability to show materiality at the first step of the analysis mooted the need for any inquiry into control.

Defendants' Objections to this determination are overruled, the Order of Judge

Cayer is fully affirmed, and the court adopts such Order as its own.

**B.      Order denying Defendant Viard's Motion for Discovery**

Judge Cayer also denied Defendant Viard's Motion for Discovery (#s 80 and 81), which in large part was the analogue of the Motion to Compel. In that motion, Defendant Viard asked that the court compel the government to produce its communications with Swisher's attorneys, to wit, attorneys from the firms of Moore & Van Allen (hereinafter "MVA") and Holland and Knight (hereinafter "HK"). As to MVA, Defendant Viard sought documents related to communications concerning negotiations over the DPA and the Bill of Information issued against Swisher. As to HK, Defendant Viard sought internal memos she believes could raise serious ethical and constitutional issues about her alleged obstruction.

As discussed above, Judge Cayer's conclusions as to the lack of a showing of materiality also forecloses Defendant Viard's objections to the Order denying her motion. As to the contentions that the government may have in its possession document secured from her previous lawyers in violation of her attorney-client privilege and protections afforded her under the Fifth Amendment, she argues that Judge Cayer misconstrued her motion. Defendant Viard argues that Judge Cayer "erred by accepting the Government's characterization of [her] argument" and that the Order "conflates the substantive standard for showing outrageous conduct with the standard necessary to receive discovery." Viard Obj. at 6-7. These objections will be considered *seriatim*.

### 1. Characterization of Defendant Viard's Argument

Review of Judge Cayer's Order reveals that Judge Cayer properly characterized Defendant Viard's argument. Indeed, by referencing the attorney-client privilege and Rules of Professional Conduct, Judge Cayer distilled the essence of the argument contained in Defendant Viard's brief in support, to wit, that obtaining attorney-client privileged documents from her former counsel would violate her privilege to be free from compelled self-incrimination provided under the Fifth Amendment. Indeed, Defendant Viard made that exact argument in her opening brief: she argued that the charge against her "may run afoul of the Fifth Amendment's due process clause" (Doc. 81 at 9) as "[i]ntrusions [into privileged attorney-client relationships] are protected by the Fifth Amendment's due process clause" (Doc. 81 at 13).

The fact that she tacked in her Reply to emphasizing that such alleged professional misconduct represented a "conflict" is of no moment. In her Objections, Defendant Viard argues that

> the central purpose for which she seeks discovery is to support her contention that "[a]ny prosecution built on information that a defendant's former lawyers helped turn over to the Government in contravention of the Rules of Professional Conduct and with the Government's knowledge of the conflict would violate the Constitution."

Obj. (#135) at 6 (citing her brief in support). Thus, Defendant Viard acknowledges that it is not a mere conflict that creates a constitutional issue, it is the government taking some action with *knowledge* of the alleged conflict. As the government has outlined in its Response to her Objections, it first became aware of the alleged conflict well after the

indictment issued in this case when she filed her Motion to Disqualify MVA on April 11, 2016.

The court finds that Judge Cayer properly characterized Defendant Viard's argument. In any event, Defendant Viard has cited no authority for her proposition that the magistrate judge's characterization of her argument somehow makes his Order clearly erroneous.

### 2. Application of the Correct Standard

Defendant Viard next contends that Judge Cayer's Order is "contrary to law because it conflates the substantive standard for showing outrageous conduct with the standard necessary to receive discovery in the first place." Obj. (#135) at 7-8.

First, Rule 16 provides, in relevant part, that defendants are entitled to receive documents from the government "within the government's possession, custody, or control," provided that "(i) the item is material to preparing the defense." Fed.R.Crim.P. 16(a)(i)(E). As the Court of Appeals for the Fourth Circuit has held, "[f]or the defendant to show materiality under this rule, [t]here must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in [her] favor." Caro, 597 F.3d at 621 (citation and corresponding quotation marks omitted). The inquiry for the court is whether the requested information is material to preparing a defense. Id. at 622.

Where the request for discovery touches on alleged outrageous government conduct based on government intrusion of the attorney-client privilege, defendant must first be able

to make a "colorable claim" of misconduct. Such a claim must consist of "more than bald-faced allegations of misconduct" and a defendant must be able to "demonstrate[s] an issue of fact material to each of the three elements of such a claim, including actual and substantial prejudice." United States v. Trombetta, 2015 WL 7289407, *1 (W.D. Pa. 2015). To establish outrageous government conduct in violation of the Fifth Amendment in the context of violation of the attorney-client privilege, "the defendant alleging an intrusion [is required] to prove the following: (1) the government's objective awareness of an ongoing, personal attorney-client relationship between [a third party] and the defendant; (2) deliberate intrusion into that relationship; and (3) actual and substantial prejudice." United States v. Williams, 720 F.3d 674, 686 (8th Cir. 2013) (citation and corresponding quotation marks omitted).

Here, Defendant Viard has been unable to establish a colorable claim of government misconduct; therefore, Judge Cayer properly concluded that the requested information is immaterial to preparing a defense or, for that matter, a motion to dismiss as there is no indicia that the government had any awareness of the alleged conflict until well after the Indictment was returned in this matter.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Objections (#s 134 and 135) are **OVERRULED,** the Order (#122) is **AFFIRMED,** and the determination of Judge Cayer is adopted as that of this court as supplemented by the discussion herein.

Signed: January 31, 2017

Max O. Cogburn Jr
United States District Judge