# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:15-CR-00244-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) |
| | ) **ORDER** |
| MICHAEL KIPP, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant's Motion for Compassionate Release. See Doc. No. 276. Defendant asks the Court to exercise its broad discretion and order his release because of the COVID-19 pandemic. In support, he explains that he suffers a high risk of severe illness or death from COVID-19 due to his age, pre-existing medical conditions, and the fact that prison forces him to "live in close proximity to other inmates." See Doc. No. 277 at 23. He also maintains that "he may not receive the immediate medical attention needed to survive as the [Bureau of Prisons] has consistently delayed in providing [him], as well as other inmates, with medical attention when needed or requested." Id. at 26. Finally, Defendant asserts the prison "does not have a full-time medical team" to treat the infected. Id. at 27.

In response, the Government represents that "the Bureau of Prisons has informed [them] that Defendant has been approved by [his prison], in accordance with the guidelines outlined by the Attorney General, for home confinement, and that, as of 3:30 p.m. on Friday, May 1, 2010, Defendant's request for home confinement is currently pending at the Regional Re-Entry Manager's Officer for a Placement Date." Doc. No. 278 at 1. The Government thus asks the Court to deny Defendant's motion, or, in the alternative, to hold it in abeyance at this time. Id. at 2.

The Court recognizes that home confinement is not necessarily equivalent to "a term of

probation or supervised release," which the Court has discretion to grant under 18 U.S.C. § 3582(c)(1)(A). Even so, if the Bureau transfers Defendant to home confinement, then this would fundamentally alter the nature of Defendant's motion, as he principally requests compassionate release based on the effects that COVID-19 has had on prison conditions. Given the Attorney General's directive that the Bureau "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," the Court is confident that the Bureau will speedily resolve his request. United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (quoting Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020)). Therefore, the Court shall hold Defendant's motion in abeyance to allow him to be transferred to home confinement.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release, Doc. No. 276, shall be held in **ABEYANCE** until **May 15, 2020**. On that date, the litigants **SHALL** submit a status report to the Court, explaining whether Defendant has been transferred to home confinement and whether Defendant wishes to proceed with his motion.

**SO ORDERED.**

Signed: May 8, 2020

Max O. Cogburn Jr
United States District Judge